**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

JAMES WYMAN MCGLOTHLIN,
    Plaintiff,

vs.                                    Case No. 3:07cv316/MCR/MD

ARMOR CORRECTIONAL HEALTH, et al.,
    Defendants.

---

**O R D E R**

       This cause is before the court upon plaintiff's civil rights complaint filed pursuant to 42 U.S.C. §1983 (doc. 1), and his motion to proceed *in forma pauperis* (doc. 2). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. However, from a review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under § 1983 as to some or all of the named defendants. The court will therefore allow the plaintiff an opportunity to clarify his allegations in an amended complaint.

       Plaintiff is an inmate of the Escambia County Jail ("Jail"). He names three defendants in this action: Armor Correctional Health Services; Donna Knox, Head Nurse at the Jail; and Thomas Holland, Doctor at the Jail. Plaintiff claims defendants violated his Eighth Amendment rights by failing to provide an adequate diet to accommodate his medical condition (hypoglycemia) and by failing to treat cancerous tumors on his chest. As relief, he seeks monetary damages and injunctive relief. (Doc. 1).

       In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

    1.  whether the conduct complained of was committed by a person acting under color of state law; and

    2.  whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

Although plaintiff names Armor Correctional Health Services as a defendant in this action, this entity is mentioned no where in the body of plaintiff's complaint. In amending, plaintiff should name as defendants only those persons who are responsible for the alleged constitutional violations. Additionally, in the "Statement of Facts" section, plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation. To the extent plaintiff seeks to impose liability against this defendant because it employs the individuals who engaged in the alleged unconstitutional conduct, plaintiff is advised that *respondeat superior*, without more, does not provide a basis for recovery under section 1983. *Cottone v. Jenne,* 326 F.3d 1352, 1360 (11th Cir. 2003); *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Marsh v. Butler County,* 268 F.3d 1014, 1035 (11th Cir. 2001); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995); *Harvey v. Harvey*, 949 F.2d 1127, 1129 (11th Cir. 1992) ("A defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis.") (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L. Ed.2d 611 (1978)). Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between each defendant named and the injury allegedly sustained. *Marsh, supra; Swint v. City of Wadley, Alabama,* 51 F.3d 988, 999 (11th Cir. 1995); *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991). Liability does not arise for the actions or omissions of others, but only for the actual participation in the deprivation of constitutional rights. Alternatively, plaintiff must show that this defendant promulgated a policy or other directive that resulted in such deprivation.

It is further evident that plaintiff is not entitled to the injunctive relief he seeks. Plaintiff asks that the defendants be required to provide surgery to remove the tumors, radiation therapy to remove cancerous cells, and a hypoglycemic-appropriate diet. He further requests "immediate release to seek medical help." (Doc. 1, p. 7). Plaintiff's requests that the court order specific types of medical treatment is beyond the court's authority to consider because the court would thereby become too "enmeshed in the

minutiae of prison operations." *LaMarca v. Turner*, 995 F.2d 1526, 1543 (11th Cir. 1993) (quoting *Bell v. Wolfish*, 441 U.S. 520, 562, 99 S.Ct. 1861, 1886, 60 L.Ed.2d 447 (1974)). Federal courts are reluctant to interfere with matters of internal prison administration since they are ill-equipped to do so. *Procunier v. Martinez*, 416 U.S. 396, 404-06, 94 S.Ct. 1800, 1807-08, 40 L.Ed.2d 224 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989); *Sims v. Mashburn*, 25 F.3d 980 (11th Cir. 1994). "The necessary and correct result of [judicial] deference to the informed discretion of prison administrators permits them, and not the courts, to make the difficult judgments concerning institutional operations. . . ." *Jones v. North Carolina Prisoners' Union, Inc.*, 433 U.S. 119, 128, 97 S.Ct. 2532, 2539, 53 L.Ed.2d 629 (1977). To the extent plaintiff seeks immediate release, he should be aware that a prisoner is not entitled to release from confinement if the conditions of confinement violate the Eighth Amendment. *Gomez v. United States*, 899 F.2d 1124 (11th Cir. 1990). The court in *Gomez* stated:

> [T]his Court has held that even if a prisoner proves an allegation of mistreatment in prison that amounts to cruel and unusual punishment, he is not entitled to release. *Cook v. Hanberry*, 596 F.2d 658, 660 (5th Cir.), *cert. denied*, 442 U.S. 932, 99 S.Ct. 2866, 61 L.Ed.2d 301 (1979). The appropriate Eleventh Circuit relief from prison conditions that violate the Eighth Amendment during legal incarceration is to require the discontinuance of any improper practices, or to require correction of any condition causing cruel and unusual punishment. *Cook*, 596 F.2d at 660. Although problems of prisons are complex and not readily susceptible to resolution by decree, *Sheley v. Dugger*, 824 F.2d 1551, 1559 (11th Cir. 1987), relief of an Eighth Amendment violation does not include release from confinement.

*Id.* at 1126. Because plaintiff would not be entitled to some or all of the injunctive relief he seeks even if he were to prevail on his claim that the conditions at the Jail violate the Constitution, he should modify his request for relief accordingly.

In amending, plaintiff should completely fill out a new civil rights complaint form, marking it "**Amended Complaint.**"  Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the "Statement of Facts," plaintiff should clearly describe how each named defendant is involved in each

*Case No: 3:07cv316/MCR/MD*

alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from his complaint. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Plaintiff should file the amended complaint with an original signature with the court and keep an identical copy for himself. Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint. The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so. Finally, plaintiff is advised that discovery is premature at this stage of the case and plaintiff should not do any discovery without leave of court.

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED to the extent that the case may proceed without the prepayment of the entire filing fee.

2. Because plaintiff has no funds accrued in his prison trust fund account, the clerk of court shall not assess plaintiff an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A). The total filing fee in this case remains $350.00, however.

3. As funds become available in plaintiff's prison account, plaintiff shall be required to make monthly payments of 20 percent of the preceding month's income (that is, all funds deposited into the account) in each case he has filed in this court.[1] The agency having custody of the prisoner shall forward payments from the prisoner's account on a monthly basis to the clerk of court each time the amount in the account exceeds $10.00. These payments shall continue until the filing fee of $350.00 is paid in full in each case.

---

[1] Thus, prisoners who have filed more than one case may be required to make payments totaling 40%, 60%, 80% or even 100% of their monthly deposits.

*Case No: 3:07cv316/MCR/MD*

The following information shall either be included on the face of the check from the penal institution, cashier's check, or money order or attached thereto:

(1) the full name of the prisoner;
(2) the prisoner's inmate number; and
(3) Northern District of Florida Case Number (i.e., 3:07cv316/MCR/MD).

Checks or money orders which do not have this information will be returned to the penal institution or to plaintiff.

4. The clerk of court shall mail a copy of this order, with the appropriate cover letter to: Escambia County Jail, Attn: Finance Department, P.O. Box 17800, Pensacola, FL 32522.

5. Plaintiff is warned that he is ultimately responsible for payment of the filing fee should the agency with custody over him lapse in its duty to make payments on his behalf. If plaintiff spends funds that should have been forwarded to the court as per the payment formula above, this case may be dismissed for non-payment. Furthermore, IF PLAINTIFF IS TRANSFERRED to another jail or correctional institution, he should ensure that the new institution is informed about this lawsuit and the required monthly payments as set out herein. Plaintiff is advised to retain a copy of this order for this purpose. Finally, plaintiff is advised that dismissal or other disposition of this action will NOT relieve him of the obligation to pay the full filing fee in this case.

6. The clerk of court is directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C. §1983. This case number shall be written on the form.

7. Plaintiff shall have **thirty (30) days** in which to file an amended civil rights complaint, which shall be typed or clearly written and submitted on the court form as instructed above.

8. Failure to comply with this order as instructed will result in a recommendation of dismissal of this action for failure to comply with an order of the court.

DONE AND ORDERED this 13th day of August, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:07cv316/MCR/MD*